Geren, J.
delivered the opinion of the court.
This is an action of ejectment to recover possession of lot number twenty, in the town of Springhill, Maury county. The lot was sold by the sheriff of Maury, by virtue of an execution from the circuit court of his county, in favor of Jesse Ellis, to the use óf Wm. McKissick, against Reddin H. Simmons and Thomas H. Bridges; and a venditioni exponas in favor of M. & J. W. Chairs, against Reddin Simmons— and was purchased by William McKissick, the lessee of the plaintiff, to whom the sheriff made a deed of conveyance. The defendants in the execution, had purchased the lot from A. R. Cartwright, in whom the legal title was vested, and received from Cartwright a deed of conveyance, which has never been registered, • and which they refuse to surrender. Cartwright, after the suit was brought, made a deed reciting his said conveyance to Simmons and Briggs, and confirming the same, which was registered and read to the jury. Simmons was in possession of the lot at the time of the sale.
It is admitted that land held by virtue of an unregistered deed, is liable to be sold by virtue of an execution; but it is objected, that the deed of confirmation was improperly read to the jury, because it was executed after the suit was brought. This, we think, was no objection to its reception. The plaintiff acquired, by the purchase at the sheriff’s sale, the inchoate legal title which was in the defendant by the unregistered deed, and the deed of confirmation does not purport to convey any interest in the land; but it recites the conveyance which had been made, and confirms the same. This court decided, in the case of Crockett vs. Campbell, 2 Humph. R. 411, that a deed made after the commencement of a suit, confirming one executed before the suit was brought, was admissible in evidence.
2. It is objected, that it does not appear that the twenty days notice required by the act of 1799, was given by the sheriff to Simmons, before the lot was sold. It has been decided by this court, that it will presume the notice required *261 by law was given, unless the contrary appear. The sheriff recites in his deed, that he advertised and gave notice according to law; and the onus of proof is upon the defendant to show that the notice was not given.
Let the judgment be affirmed.